**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **HARRY DWAIN NOVAK,** § | |
|  Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-043-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
|  Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner is Harry Dwain Novak, TDCJ #1186330, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole release facility in Mineral Wells, Texas.

Respondent is Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C. PROCEDURAL HISTORY**

On March 20, 2002, Novak pled guilty to a charge of felony driving while intoxicated in Cause No. 19,781 in the 91st Judicial District Court of Eastland County, Texas, and was placed on community supervision for ten years. (State Habeas R. at 105-16.)[1] The state later moved for revocation of Novak's community supervision for numerous violations of his release, and, on November 24, 2003, the trial court revoked his community supervision and sentenced him to seven years' confinement. (Petition at 2.) On December 29, 2005, Novak was denied release to mandatory supervision. (Resp't Preliminary Response, Exhibit B at 2.)

Novak has filed or attempted to file two state habeas applications raising one or more of the claims presented herein. The first, filed on March 6, 2006, was returned to Novak and dismissed on May 17, 2006, for noncompliance with form requirements of rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Novak*, Application No. WR-52,701-02, at cover; TEX. R. APP. P. 73.1 & 73.2. The second application was successfully filed on July 10, 2006, and denied without written order by the Texas Court of Criminal Appeals on November 15, 2006. (State Habeas R. at cover.) Novak filed this petition on January 17, 2006. As directed, Quarterman has filed a preliminary response to the petition, to which Novak filed a reply.

**D. ISSUES**

In nine grounds, Novak raises claims regarding his conviction and sentence (grounds one through six) and claims regarding TDCJ's denial of his release to mandatory supervision (grounds seven through nine). (Petition at 7-8b.)

---

[1] "State Habeas R." refers to the state court record of Novak's state habeas Application No. WR-52,701-04.

**E. DISCUSSION**

*1. Statute of Limitations*

  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Under subsection (A), applicable to Novak's claims related to the original plea proceedings, the one-year limitations period began on April 19, 2002, thirty days after entry of the trial court's

judgment on Novak's plea of guilty, and expired on April 19, 2003, absent any applicable tolling.[2] *See* TEX. R. APP. P. 26.2(a)(1).[3] Similarly, to the extent Novak's claims relate to the probation revocation proceedings, the one-year limitations period began on December 24, 2003, thirty days after entry of the trial court's order revoking Novak's community supervision, and expired on December 24, 2004, absent any applicable tolling.[4] *Id.*

Novak's state application dismissed for noncompliance with rule 73.2 did not operate to toll the limitations period in either instance because it was not "properly filed" within the meaning of § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding application is "properly filed" when its delivery and acceptance are in compliance with applicable laws and rules governing filings, including rules of form); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Nor did his second state application operate to toll the limitations periods because it was filed after the limitations periods had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

[2]Quarterman, citing only to Texas law, argues that the trial court's judgment became final for purposes of subsection (A) on March 20, 2002, the date the judgment was entered, because Novak waived his right to appeal, among other rights, as part of the plea bargain. (Resp't Preliminary Resp. at 3.) A review of relevant federal cases, however, reveals that under these circumstances the limitations period starts after expiration of the statutory appeal time. *See, e.g., Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy., 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001). *See also Eckenrode v. U.S.*, Nos. EP-00-CA-027-DB & EP-97-CR-781-DB, ___, slip copy, 2000 WL 33348759, at *2 (W.D. Tex. Aug. 2, 2000). Novak, on the other hand, argues that the judgment of conviction became final on November 24, 2003, the date the order revoking his community supervision and pronouncing sentence was entered. (Pet'r Reply at

[3]Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within 30 days after the day sentence is imposed in open court.

[4]Novak may have been entitled to tolling during the pendency of any relevant and timely appeal of the decision to revoke his community supervision, however, the record does not reflect that he appealed the order.

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 4 of 11**

Further, Novak has not demonstrated that tolling as a matter of equity is warranted. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* at 403. The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Novak does not allege circumstances entitling him to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records that would justify application of the doctrine here. *See Davis v. Johnson*, 158 F.3d at 811. Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Nor has Novak demonstrated the severity or duration of any mental condition or that any such mental condition rendered him so impaired as to prevent him from being able to pursue his legal remedies.[5] *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Thus, Novak's petition is untimely as to his claims involving the original plea and revocation proceedings.

---

[5]Novak alleges that he "came under" psychiatric treatment in January 2003 for severe depression. (Reply at 3.)

**Findings, Conclusions and Recommendations**
**of the United States Magistrate Judge—Page 5 of 11**

Under subsection (D), applicable to Novak's claims related to TDCJ's denial of his release to mandatory supervision, the one-year limitations period began on January 5, 2006, and expired on January 5, 2007. At the latest, Novak should have been aware of the factual predicate of those claims when TDCJ denied his release and notified him of that fact.[6] His properly filed state habeas application tolled the limitations period for 143 days. Thus, Novak's petition is timely filed as to his claims involving TDCJ's denial of his release to mandatory supervision on January 5, 2007 (grounds seven through nine).

*2. Standard of Review*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides

---

[6]Quarterman argues that Novak could have determined his claim under ground seven–*i.e.,* that TDCJ's application of the current version of the mandatory supervision statute violates the Ex Post Facto Clause, on the date of his conviction. (Resp't Preliminary Resp. at 7.) However, this court has previously held that the factual predicate of a claim involving the denial of mandatory supervision release is discoverable on the date a petitioner's release is denied. *See, e.g., Ramirez v. Quarterman*, No. 4:06-CV-506-Y, slip copy, 2006 WL 3445221, at *2 (N.D. Tex. Nov. 27, 2006); *Primeaux v. Quarterman*, No. 4:06-CV-431-Y, slip copy, 2006 WL 2707433, at *2 (N.D. Tex. Sept. 21, 2006); *Sulffridge v. Quarterman*, No. 4:06-CV-212-A, slip copy, 2006 WL 2390256, at *3 (N.D. Tex. Aug. 18, 2006); *Fisher v. Cockrell* slip copy, No. 3:02-CV-1332-H, 2003 WL 22939145, at *2 (N.D. Tex. Mar. 3, 2003).

a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[7] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

---

[7]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

*2. Application of the Standard to Novak's Grounds for Relief*

Novak claims that TDCJ violated the Ex Post Facto Clause by misapplying § 508.149(b), the discretionary mandatory supervision statute, to his case. According to Novak, he is entitled to a non-discretionary mandatory supervision release date because the two DWI offenses used to enhance his sentence for his holding conviction under § 49.04 of the Texas Penal Code were committed before the effective date of the statute. (Pet'r Memorandum at 22-24.) TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2006). Novak argues that the prior convictions were necessary elements of his 2002 DWI offense; thus, under the statute's savings clause, discretionary mandatory supervision is inapplicable to his case. This claim does not raise a federal constitutional issue. *See Evans v. Dretke*, No. 4:02-CV-280, slip copy, 2005 WL 2387572, at * 21-22 (E.D. Tex. Sept. 27, 2005) (not designated for publication). The issue of whether or not a defendant's prior convictions for DWI for enhancement purposes under Texas Penal Code 49.04 are regarded as elements of an offense under § 508.149(b) is solely a question of state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063$^h$ Cir. 1995); *Evans*, 2005 WL 2387572 at *21-22. *See also Fisher v. Cockrell*, No. 3:02-CV-1332-H, slip copy, 2003 WL 22939145 (N.D. Tex. Mar. 3, 2003) (providing that under these circumstances the prior DWI convictions were not elements of the underlying offense because they were used only to enhance petitioner's current sentence resulting in a "stiffened penalty for [petitioner's] latest crime").

Novak claims that by denying his presumptive parole/mandatory supervision release date without cause violated his rights under the Due Process Clause.

*3. Denial of Mandatory Supervision Release*

Novak claims that TDCJ has erroneously applied § 508.149(b), allowing for discretionary mandatory supervision release, to his case because Novak claims that TDCJ violated his constitutional due process rights by applying § 508.149(b), the discretionary mandatory supervision statute, to his case because the two DWI offenses used to enhance his sentence for his holding conviction under § 49.04 of the Texas Penal Code were committed before the effective date of the statute. (Pet'r Memorandum at 11-12.) TEX. PENAL CODE ANN. § 49.09 (Vernon 2003). Novak argues that the prior convictions were necessary elements of his 2004 DWI offense; thus, under the statute's savings clause, discretionary mandatory supervision is inapplicable to his case. This claim does not raise a federal constitutional issue. *See Evans v. Dretke*, No. 4:02-CV-280, slip op., 2005 WL 2387572, at * 21-22 (E.D. Tex. Sept. 27, 2005) (not designated for publication). The issue of whether or not a defendant's prior convictions for DWI for enhancement purposes under Texas Penal Code 49.04 are regarded as elements of an offense under § 508.149(b) is solely a question of state law. *See Weeks v. Scott*, 55 F.3d 1059, 1063$^h$ Cir. 1995); *Evans*, No. 4:02-CV-280, slip op., 2005 WL 2387572 at *21-22.

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Novak's grounds one through six be DISMISSED with prejudice as time-barred. It is further recommended that Novak's grounds seven through nine be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 22, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 22, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 2, 2007.

            /s/ Charles Bleil
            CHARLES BLEIL
            UNITED STATES MAGISTRATE JUDGE