

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 6 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRY DWAIN NOVAK, | § | |
| Petitioner, | § § § | |
| VS. | § | NO. 4:07-CV-043-A |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Harry Dwain Novak ("Novak") is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On May 2, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation that grounds one through six of the petition be dismissed with prejudice as time-barred and grounds seven through nine of the petition, the sole remaining grounds, be denied. The magistrate judge ordered that the parties file objections, if any, to his proposed findings, conclusions, and recommendation by May 23, 2007. On May 16, 2007, and May 17, 2007, respondent and Novak filed their respective objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or

recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Having thoroughly reviewed Novak's purported objections, the court is satisfied that they are without merit. As to grounds one through six, Novak's only specific objection is that he was unable to acquire the records he needed to demonstrate the propriety of the equitable tolling of limitations. The absence of any explanation, however, as to how these records could so demonstrate renders this objection wholly conclusory. Moreover, the court concurs with the magistrate judge's conclusion that Novak's alleged inability to obtain records fails to present an exceptional circumstance warranting equitable tolling. See Proposed Findings, Conclusions, and Recommendation at 6. As to any remaining objections by Novak, the court concludes that the magistrate judge correctly decided those issues.

Respondent launches only one objection, complaining that the magistrate judge should have found Novak's ground seven to be time-barred as well. The court disagrees. As ground seven, Novak argues that the Texas Department of Criminal Justice's application of the current version of the mandatory supervision statute violates the Ex Post Facto clause. Respondent urges that Novak should have been aware of this claim on the date of his conviction. As accurately pointed out by the magistrate judge

2

and supported by the numerous citations made by him in his findings, this court has previously found that the factual predicate of a claim involving the denial of mandatory supervision is discoverable on the date a petitioner's release is denied. See Proposed Findings, Conclusions, and Recommendation at 6-7, n.7.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that grounds one through six of the petition be, and are hereby, dismissed with prejudice as time-barred and grounds seven through nine, be, and are hereby, denied.

SIGNED June 26, 2007.

JOHN McBRYDE
United States District Judge

3